UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JASON BRIDGES | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:12-CR-68-TLS |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

On October 31, 2012, Defendant Jason Bridges pled guilty to possession with intent to distribute more than 100 marijuana plants and less than 50 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1). The Court found that the instant offense was a controlled substance offense and that the Defendant had at least two prior convictions that qualified as either a "crime of violence" or "controlled substance offense." The relevant career offender predicate offenses appear to be for burglary and robbery. Without the application of the career offender enhancement, the Sentencing Guidelines provided for an imprisonment term ranging from 41 to 51 months.[1] With the application of the career offender enhancement, the applicable range was 188 to 235 months. On October 30, 2013, the Court sentenced the Defendant to 100 months.

On June 20, 2016, the Defendant filed a Motion to Correct Sentence under 28 U.S.C. § 2255 [ECF No. 89]. The Defendant challenged the classification of his Robbery charge as a violent crime under the ACCA but did not similarly contest his prior conviction for Burglary. The Defendant argues that his Motion is timely under 28 U.S.C. § 2255(f)(3), which provides that a one-year limitations period runs from "the date on which the right asserted was initially

---

[1] The Court notes that, in his reply brief, the Defendant states that the applicable range would have been 33 to 41 months based on a criminal history score of IV. However, the criminal history score would still be VI, and the correct guideline range would therefore be 41 to 51 months.

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Defendant's Motion was premised on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the ACCA's residual clause unconstitutionally vague. Thus, the Defendant argued, the identical residual clause in the U.S.S.G. § 4B1.2 is also unconstitutionally vague. However, in *Beckles v. United States*, the Supreme Court held that the federal sentencing Guidelines "are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. 886, 892 (2017). Because *Beckles* foreclosed the Defendant's argument that he was sentenced pursuant to a Guidelines section that is unconstitutionally vague, the Defendant withdrew his petition [ECF No. 96].

However, the Defendant subsequently withdrew his withdrawal [ECF No. 99] on June 6, 2017, arguing alternatively that his Burglary conviction was not a crime of violence under the ACCA pursuant to the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court found that a crime could not constitute a crime of violence under the ACCA when the wording of the statute was broader than the generic offense. However, *Mathis* did not announce a new rule of retroactive, constitutional law. *See Holt v. United States*, 843 F. 3d 720, 722 (7th Cir. 2016) ("*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law."); *United States v. Sanders*, No. 1:07-CR-38, 2017 WL 2864961, at *1 n. 1 (N.D. Ind. July 5, 2017) ("*Mathis* did not announce a new rule that would allow a second or successive habeas motion."). Rather, it is a case of statutory interpretation. *See Holt*, 843 F.3d at 723. "An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Dawkins v. United States*, 829 F.3d 549, 550–51 (7th Cir. 2016).

The Defendant further argues that his sentence should be modified because Amendment 798 to the Sentencing Guidelines removed burglary of a dwelling as one of the enumerated offenses in § 4B1.2(a)(2), under which the Defendant was sentenced. However, as the Defendant acknowledges, Amendment 798 has not been made retroactive pursuant to 28 U.S.C. § 994(u). Nevertheless, the Defendant argues that Amendment 798 should be retroactive. But the Court is without power to declare that Amendment 798 applies retroactively. *See Holt*, 843 F.3d at 723 (noting that a successive collateral attack "does not become possible until the Supreme Court itself declares the newly recognized right to be retroactive"). Therefore, the Court must deny the Defendant's petition.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Correct Sentence pursuant to 18 U.S.C. § 2255.

SO ORDERED on November 14, 2017.

     s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT